**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3890
_____

PETER TAYLOR,
                         Appellant

v.

C.O.R. SANDERS; Lt. B. SUDUL; Lt. R. THOMAS;
Teacher T. ZALZAMEDA, individual capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-11-cv-01291)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2013
Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: August 7, 2013)
_____

OPINION
_____

PER CURIAM

        Peter Taylor, proceeding pro se and in forma pauperis, appeals the United States

District Court for the Middle District of Pennsylvania's order granting Appellees' motion

for summary judgment.  We will affirm.

I.

Taylor's complaint concerns events related to his incarceration at the United States Penitentiary-Canaan ("USP-Canaan"). Appellees, all of whom were employed at USP-Canaan, were named in their individual capacities pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Taylor raised three claims: (1) Appellees verbally harassed Taylor; (2) Appellee Sanders pushed and punched Taylor in the back in violation of his Eighth Amendment rights; (3) Appellees, in November 2010, conspired to and did fabricate an incident report in retaliation for Taylor lodging a complaint against Sanders.

Appellees filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Taylor filed a brief in opposition to Appellees' motion and two declarations. The District Court granted the motion to dismiss in part, holding that to the extent any claims were brought against Appellees in their official capacities, such claims were barred by sovereign immunity and that Taylor's allegations of verbal harassment did not rise to the level of a constitutional violation. The District Court granted summary judgment as to the remaining claims. Taylor appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment.[1] Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).

III.

The District Court properly granted summary judgment and denied Taylor's claim that Sanders violated his Eighth Amendment rights. The District Court concluded that there was no evidence in the record showing that Sanders used force on Taylor. In his brief, Taylor argues that the District Court's determination is flawed because it failed to consider Taylor's statement of facts and sworn declarations showing that Sanders pushed and punched him. Taylor's argument is unavailing, however, because the District Court also concluded that even if Sanders had used the level of force that Taylor alleged, it was not excessive force and did not support an Eighth Amendment violation. We agree with the District Court's conclusion that the force Taylor alleged was de minimis, was not repugnant to the conscience, and therefore did not amount to a constitutional violation. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Brooks v. Kyler, 204 F.3d 102, 107 (3d Cir. 2000).

---

[1] On appeal, Taylor did not challenge in his appellate brief the District Court's grant of the motion to dismiss. Thus, that portion of the order is not under review, and Taylor has waived a challenge to the dismissal of his verbal harassment claim and the claims against Appellees in their official capacities. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002).

3

The District Court also properly granted summary judgment on Taylor's claim that Appellees fabricated the November 2010 incident report against Taylor in retaliation for Taylor's use of the administrative remedy system. The incident report stated that Taylor made sexual proposals or threats to Appellee Salzameda. Disciplinary proceedings were conducted and a Discipline Hearing Officer concluded that the greater weight of the evidence supported a finding that the alleged violations occurred; Taylor was sanctioned with forfeiture of good-conduct time. Consequently, success in his Bivens action would necessarily demonstrate the invalidity of the duration of his confinement. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, we agree with the District Court's conclusion that Taylor cannot succeed on this retaliation claim because the loss of good conduct time imposed as a result of the November 2010 incident report has not been overturned.

Taylor incorrectly argues that success on his retaliation claim would not demonstrate the invalidity of his confinement because he can show that a separate incident report filed against him in February 2011, was dismissed. This argument fails because the dismissal of the February 2011 incident report does not affect the validity of the November 2010 incident report. Additionally, Taylor's complaint did not raise a retaliation claim concerning the February 2011 incident report. To state a claim, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a claim must be

described in sufficient detail to provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (omission in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Taylor did not include in his complaint details or allegations concerning the February 2011 incident report. Instead, Taylor's complaint focused on the November 2010 incident report: Taylor described service of the November 2010 incident report, the outcome of the disciplinary hearing, and the punishment he received after he was found guilty. In contrast, the only allegation related to the February 2011 incident report included in the complaint was a description of a confrontation Taylor had with Appellee Sudul on February 23, 2011. Taylor stated that Sudul told him, "I think I make another false report and say you threaten me." Taylor did not state that Sudul filed an incident report in February 2011 and did not describe the result of the disciplinary proceedings stemming from the incident report. Sudul's alleged remark, without more, did not provide fair notice to Appellees that Taylor sought to raise a retaliation claim concerning the February 2011 incident report.

Although Taylor later provided details and allegations specific to the February 2011 incident report, he did not properly raise a new retaliation claim related to that incident report. "At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a)." Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004); see, e.g., Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not

5

amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Taylor first mentioned the February 2011 incident report in a declaration filed in June 2012, six months after Appellees filed their motion to dismiss and motion for summary judgment. Therein, Taylor stated that he was served with an incident report in February 2011 but the incident report was dismissed because "no prohibited act had been committed." Taylor attached to his declaration a copy of the incident report and the Discipline Hearing Officer's report. Nevertheless, Taylor has waived this claim because it was not raised in the complaint and he did not amend the complaint to include it.

IV.

For the foregoing reasons, we will affirm the District Court's September 18, 2012 order granting Appellees' motion for summary judgment.